PER CURIAM.
Appellant R. Wayne Harrod appeals a final summary judgment entered in favor *337 of appellee, Woodlawn Memorial Park, Inc. We affirm in part, reverse in part, and remand.
Appellant filed a six-count complaint against Woodlawn for Woodlawn’s failure to provide for the placement of a private family mausoleum in accordance with handwritten provisions on a printed form agreement.[1] The trial court granted final summary judgment as to all six counts. We reverse the final summary judgment only as to that count alleging violation of the Florida Cemetery Act, Chapter 497 of the Florida Statutes (1987).
Section 497.018(1)(i), Florida Statutes (1987), prohibits fraud, deceit, misrepresentation, negligence, incompetency, or misconduct in the operation of a cemetery. Section 497.018(1)(n) further prohibits cemeteries from soliciting through the use of fraud, undue influence, intimidation, overreaching or other forms of vexatious conduct. Section 497.056 provides for civil remedies for violating the provisions of Chapter 497 and specifies that “[ujpon adverse adjudication the defendant shall be liable for actual damages or $500, whichever is greater.” Also, “[t]he court may, as provided by common law, award punitive damages.”
We hold that there are genuine issues of material fact concerning whether Wood-lawn engaged in conduct proscribed by the applicable provisions of section 497.018 for which damages would lie under section 497.056. Thus, we conclude that the trial court erred in granting summary judgment as to Count III, Woodlawn’s alleged violation of Chapter 497. Accordingly, we reverse the summary judgment and remand this cause for further proceedings.
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB, GRIFFIN and DIAMANTIS, JJ., concur.

. Appellant sought damages or specific perform-anee of the agreement, but did not seek rescission of the agreement,